# EXHIBIT "A"

69 FR 45672-02, 2004 WL 1696773(F.R.)
NOTICES
COMMITTEE FOR PURCHASE FROM PEOPLE WHO ARE BLIND OR SEVERELY DISABLED

Procurement List; Additions

Friday, July 30, 2004

**\*45672** AGENCY: Committee for Purchase from People Who Are Blind or Severely Disabled.

ACTION: Additions to procurement list.

SUMMARY: This action adds to the Procurement List a product and services to be furnished by nonprofit agencies employing persons who are blind or have other severe disabilities.
DATES: Effective Date: August 29, 2004.

ADDRESSES: Committee for Purchase From People Who Are Blind or Severely Disabled, Jefferson Plaza 2, Suite 10800, 1421 Jefferson Davis Highway, Arlington, Virginia 22202-3259.

FOR FURTHER INFORMATION CONTACT: Sheryl D. Kennerly, (703) 603-7740.

SUPPLEMENTARY INFORMATION: On May 14, May 28, and June 4, 2004, the Committee for Purchase From People Who Are Blind or Severely Disabled published notice (69 FR 26805, 30609, and 31588) of proposed additions to the Procurement List.
The following comments pertain to Flag, National, Interment (Additional 10% of the Veterans Affairs Requirement for a total of 50% on the Procurement List).

Comments were received from three of the current contractors for the interment flag and from a trade association for the flag industry. The association and one of the contractors claimed that increased demand for American flags after September 2001 had brought a number of new suppliers into the market, and now that the demand is decreasing, the loss of the partial requirement for the interment flag the Committee proposed to add to the Procurement List would have a larger, and thus severe, impact on the flag industry. These two commenters also cited a 1997 letter by the Committee's staff director indicating that the Committee would be unlikely to increase its share of the interment flag market unless the sole commercial contractor for interment flags at the time were to experience a substantial increase in its sales.

Another contractor indicated that Government contracts represent about 35 percent of total sales of flag manufacturers, so these manufacturers would be severely impaired if they continue to lose Government business to set-aside programs like the Committee's program. This contractor also claimed that its interment flag contract allows it to keep its plant operating year round, so loss of the contract would result in employment loss and other potential financial challenges. The third contractor noted that the flag industry is part of the textile industry, which has suffered severe losses in the past decade. The contractor stated that it had assisted two nonprofit agencies in learning how to produce the interment flag, and had been repaid with unauthorized disclosure of its confidential material and a failure by one nonprofit agency to pay the agreed-upon fee for the contractor's assistance. The contractor also claimed the other nonprofit agency was under investigation by its State concerning its nonprofit status. The contractor concluded, in light of these allegations, that it would not be in the interest of the Government to increase the portion of the Government requirement for interment flags set aside for these nonprofit agencies.

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.    1

**\*45673** As the trade association and one of the contractors noted, the Government currently buys the 60 percent of its requirement for the interment flags which is not set aside for the Committee's program in equal shares from four contractors. According to the most recent figures available to the Committee, the difference between the value of the flags which the three contractors are selling to the Government and the flags they would sell if the proposed increase in the Committee set-aside were to occur represents a very small percentage of these contractors' total sales (the fourth contractor failed to provide sales figures to the Committee). Accordingly, the Committee has concluded that this small loss, even taking into account the nature of the flag market as described by the contractors, is not likely to have a severe adverse impact on the contractors. It should be noted that the proposed addition will only slightly lessen the number of interment flags available for commercial contractors to provide the Government, so the predicted impacts based on total loss of these contracts, including possible layoffs and other financial challenges, should not occur. As for the contractor mentioned in the Committee staff director's 1997 letter, its sales have increased substantially since then, so the Committee does not believe that it would be inappropriate to add the increased quantity of interment flags to the Procurement List.

The Committee questioned the two nonprofit agencies mentioned by the third contractor, and was told that both had paid in full for the consulting services of that contractor. Neither agency recalls making unauthorized releases of confidential information received from the contractor in connection with the consulting contract, which occurred a number of years ago. The contractor's questions concerning the nonprofit status of one of the nonprofit agencies come from that agency having bought the assets of two for-profit companies, in 2003 and 2004. The nonprofit agency did not acquire the companies as corporate entities. The assets were integrated into the nonprofit agency's manufacturing operations. The nonprofit agency's external auditors have determined that the nonprofit agency is not generating any business income unrelated to its nonprofit status as a result of these acquisitions. Therefore, the Committee does not believe that the nonprofit status of this agency is open to question.

The following material pertains to all of the items being added to the Procurement List.

After consideration of the material presented to it concerning capability of qualified nonprofit agencies to provide the products and services and impact of the additions on the current or most recent contractors, the Committee has determined that the product and services listed below are suitable for procurement by the Federal Government under 41 U.S.C. 46-48c and 41 CFR 51-2.4.

**Regulatory Flexibility Act Certification**
I certify that the following action will not have a significant impact on a substantial number of small entities. The major factors considered for this certification were:

1. The action will not result in any additional reporting, recordkeeping or other compliance requirements for small entities other than the small organizations that will furnish the product and services to the Government.

2. The action will result in authorizing small entities to furnish the product and services to the Government.

3. There are no known regulatory alternatives which would accomplish the objectives of the Javits-Wagner-O'Day Act (41 U.S.C. 46-48c) in connection with the product and services proposed for addition to the Procurement List.

**End of Certification**
Accordingly, the following product and services are added to the Procurement List:

*Product*

Product/NSN: Flag, National, Interment (Additional 10% of the Veterans Affairs Requirement for a total of 50% on the Procurement List) 8345-00-656-1432.

NPA: Goodwill Industries of South Florida, Inc., Miami, Florida.

NPA: Huntsville Rehabilitation Foundation, Huntsville, Alabama.

NPA: North Bay Rehabilitation Services, Inc., Rohnert Park, California.

Contract Activity: Department of Veterans Affairs, Washington, DC.

*Services*

Service Type/Location: Custodial Services, Naval Air Station Whidbey Island, Basewide, Oak Harbor, Washington.

NPA: New Leaf, Inc., Oak Harbor, Washington.

Contract Activity: Naval Facilities Engineering Command, Oak Harbor, Washington.

Service Type/Location: Medical Transcription, VA Medical Center, Building 36, Northport, New York.

NPA: National Telecommuting Institute, Inc., Boston, Massachusetts.

Contract Activity: VA Medical Center—Northport, Northport, New York.

Service Type/Location: Telephone Switchboard Operations, VA Central California Health Care System, 2615 E. Clinton Avenue, Fresno, California.

NPA: Project HIRED, Santa Clara, California.

Contract Activity: VA Palo Alto Health Care System, Livermore, California.

This action does not affect current contracts awarded prior to the effective date of this addition or options that may be exercised under those contracts.

Sheryl D. Kennerly,

Director, Information Management.

[FR Doc. 04-17384 Filed 7-29-04; 8:45 am]

BILLING CODE 6353-01-P

End of Document                                                                  © 2017 Thomson Reuters. No claim to original U.S. Government Works.